F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY LEWIS,

      Plaintiff-Appellant,

v.

DAVID MIKESIC; STATE OF
KANSAS,

      Defendants-Appellees.

No. 06-3089
(District of Kansas)
(D.C. No. 05-CV-4081-JAR)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Anthony Lewis appeals the district court's *sua sponte* dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lewis filed the action against David Mikesic, a Kansas probate judge, and the State of Kansas. In his complaint, Lewis alleged Judge Mikesic "deprived [him] of his personal mutual fund account . . . without due process of law" and "continually sends Wyandotte County Sheriff Deputies to [his] house for no apparent reason." Although his specific claims against the State of Kansas are not explicitly articulated in the complaint, Lewis asserts defendants' actions violated his Fifth and Fourteenth Amendment rights. Lewis sought unspecified monetary damages and an order prohibiting Judge Mikesic from having any further contact with him "whether written, oral or third party." The district court dismissed the suit with prejudice, citing the Eleventh Amendment, the *Rooker-Feldman* doctrine, and Lewis' failure to state a claim for relief. Lewis then brought this appeal. Because the district court's order relied on § 1915(e)(2)(B)(ii), we apply a *de novo* standard of review in this case. *See Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

The district court properly dismissed the claims for monetary damages asserted against the State of Kansas and against Judge Mikesic while acting in his official capacity because "neither a State nor its officials acting in their official capacities are 'persons'" against whom a claim for damages can be brought pursuant to § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, judicial immunity bars Lewis' claims for monetary damages asserted against Judge Mikesic. A state judge is absolutely immune from § 1983 liability

except when he acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quotation omitted). To determine whether a judge acted "in the clear absence of jurisdiction," we look "to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id*. at 362. Lewis alleges Judge Mikesic "has used his position as a judge" to harass and intimidate him. Because Lewis' claims are based on actions taken by Judge Mikesic as a judicial officer and because Lewis has failed to demonstrate that Judge Mikesic acted in the clear absence of jurisdiction, Judge Mikesic is entitled to absolute judicial immunity.

This leaves only Lewis' claim for prospective injunctive relief against Judge Mikesic.[1] *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (holding "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity"). Lewis seeks an order barring Judge Mikesic "from having any further contact" with him. Lewis lacks standing to pursue his claim for prospective injunctive relief because he has failed to allege he will likely be subject to Judge Mikesic's alleged unconstitutional conduct in the future. *Harris v. Champion*, 51 F.3d 901, 907 (1995) ("'Past exposure to illegal conduct does not in itself show a present case or controversy regarding

---

[1]Lewis did not seek prospective injunctive relief against the State of Kansas.

injunctive relief, . . . if unaccompanied by any continuing, present adverse effects.'").  The claims set out in Lewis' complaint appear to be based on actions taken by Judge Mikesic while presiding over a state matter involving Lewis. Lewis has failed to assert that this matter is currently pending before Judge Mikesic or explain how he is likely to be involved in any future actions over which Judge Mikesic will preside.

The judgment of the district court dismissing Lewis' complaint is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge